THE PEOPLE OF THE STATE OF NEW YORK ex rel. BENNY SABATINO, Respondent, *v.* EDGAR S. JENNINGS, as Warden of Auburn Prison, Appellant.

**Habeas corpus — stay — appeal — notice of appeal to Court of Appeals from order of Appellate Division sustaining writ of habeas corpus and directing discharge of prisoner ineffective as stay — bail or recognizance not required — duty of warden to discharge prisoner forthwith.**

1. Notice of appeal to the Court of Appeals from an order of the Appellate Division sustaining a writ of habeas corpus and directing that the relator be forthwith discharged from custody is ineffective as a stay, the order of discharge retains its binding force, no bail or recognizance is required or permissible, and it is the duty of the warden forthwith to release the prisoner.

2. Section 570 of the Civil Practice Act, providing that an appeal by a State officer stays the execution of the judgment or order appealed from, has no application to an appeal from an order directing the unconditional discharge of a prisoner upon a writ of habeas corpus.

(Submitted October 24, 1927; decided October 28, 1927.)

MOTION by relator to be released from custody upon his own recognizance pending an appeal to the Court of Appeals from an order of the Appellate Division sustaining a writ of habeas corpus and directing the discharge of relator from custody.

*Benny Sabatino,* in person for motion.

*Albert Ottinger, Attorney-General* (*Henry C. Henderson* of counsel), opposed.

CARDOZO, Ch. J.   The relator is a prisoner in the State Prison at Auburn.   More than three years ago, in March, 1924, upon his petition for a writ of habeas corpus, the Supreme Court adjudged that his term had expired, and ordered his discharge.   His release being withheld, he sued out another writ in January, 1927, after intermediate applications had been made and denied.   Upon the return thereto, the Supreme Court dismissed the petition and remanded him to prison, holding that the first order had been nullified by force of later events. The relator appealed to the Appellate Division of the Supreme Court for the fourth department.   In June, 1927, that court reversed the order dismissing the proceeding, sustained the writ and directed that the relator be forthwith discharged from custody.

An appeal from that order is now pending in this court. Four months have elapsed, but the appeal has not yet been brought on for hearing.   In the meanwhile the warden has kept the relator in prison and has disregarded the order for an immediate discharge.   Without the aid of counsel the relator now asks that he be released upon his own recognizance until the appeal shall be determined.

Upon the entry and service of the order of the Appellate Division, the relator should have been discharged from custody in accordance with its mandate.   The warden has relied upon section 570 of the Civil Practice Act, which provides that " upon an appeal taken by the People of the State or by a state officer or board of state officers, or a board of supervisors of a county, the service of the notice of appeal perfects the appeal and stays the execution of the judgment or order appealed from, without an undertaking or other security."   That section has no

application to an appeal by a State officer from an order directing the unconditional discharge of a prisoner upon a writ of habeas corpus. The pertinent section in such a situation is section 1269, which provides that " a prisoner who has been discharged by a final order made upon a writ of habeas corpus or certiorari  *  *  *  shall not be again imprisoned, restrained, or kept in custody, for the same cause." It would be intolerable that a custodian adjudged to be at fault, placed by the judgment of the court in the position of a wrongdoer, should automatically, by a mere notice of appeal, prolong the term of imprisonment, and frustrate the operation of the historic writ of liberty. " The great purpose of the writ of habeas corpus is the immediate delivery of the party deprived of personal liberty " (SHAW, Ch. J., in *Wyeth* v. *Richardson,* 10 Gray, 240). The question has been much debated whether at common law there was any remedy by appeal either for prisoner or for People (*Yates* v. *People,* 6 Johns. 337; *Wyeth* v. *Richardson, supra; Ex parte Jilz,* 64 Mo. 205; *Matter of Williams,* 149 N. C. 436; *Wisener* v. *Burrell,* 28 Okla. 546.) The debate was silenced in this State by provisions of the Revised Statutes (2 R. S. 573, § 70), which have been carried forward without substantial change into the later codes of practice (Code Civil Pro. § 2059; Civ. Practice Act, § 1275). We have held that by force of those provisions the People may appeal from a final order of discharge (*People ex rel. Hubert* v. *Kaiser,* 206 N. Y. 46, 54, affg. 150 App. Div. 541, at p. 546). We have never held that the notice of appeal nullifies the mandate of discharge and works a supersedeas at the will of the custodian. There is indeed authority to the effect that a stay may not be granted even by order of the court (*People ex rel. Young* v. *Stout,* 31 N. Y. Supp. 421), though a different rule prevails, it seems, in other jurisdictions (*Henderson* v. *James,* 52 Ohio St. 242). We leave that question open. Certain it is at least that the writ may not be thwarted

at the pleasure of the jailer. A statute suspending the effect of the discharge by the mere force of an appeal would be at war with the mandate of the Constitution whereby the writ of habeas corpus is preserved in all its ancient plenitude (Const. art. 1, § 4). " The writ cannot be abrogated, or its efficiency curtailed, by legislative action " (*People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559, 566). Little would be left of " this, the greatest of all writs " (*People ex rel. Tweed* v. *Liscomb supra*) if a jailer were permitted to retain the body of his prisoner during all the weary processes of an appeal begun without leave and languidly continued.

There is no occasion to determine at this time whether different considerations apply to proceedings under section 93 of the Insanity Law, where the question to be determined is whether one lawfully committed to an asylum has thereafter become sane. It is certain that other considerations affect proceedings in habeas corpus to determine the custody of infants, where custody is dependent upon equitable principles (*People ex rel. Young* v. *Stout, supra; People ex rel. Lawrence* v. *Brady,* 56 N. Y. 182, 192).

We hold that the notice of appeal to this court is ineffective as a stay, that the order of discharge retains its binding force, that no bail or recognizance is required or permissible, and that it is the duty of the warden forthwith to release the prisoner until the appeal shall be determined.

POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.