The People of the State of New York, Respondent, *v.* Max Becker, Appellant.

Argued March 18, 1948; decided April 22, 1948.

*Nathaniel L. Goldstein*, Attorney-General (*William S. Elder, Jr.*, *Wendell P. Brown*, *Patrick H. Clune* and *Herman N. Harcourt* of counsel), for respondent. I. The stay is within the inherent power of the Appellate Division. (*Genet* v. *Delaware & Hudson Canal Co.*, 113 N. Y. 472; *Smith* v. *Kimball*, 289 P. 588, 70 Am. St. Rep. 101; *People ex rel. Sabatino* v. *Jennings*, 246 N. Y. 258.) II. There was no abuse of discretion in the granting of the stay. (*Granger* v. *Craig*, 85 N. Y. 619; *People ex rel. Albanese* v. *Hunt*, 266 App. Div. 105, 292 N. Y. 528; *People ex rel. Carollo* v. *Brophy*, 294 N. Y. 540; *People ex rel. Lewis* v. *Foster*, 296 N. Y. 891; *Matter of Lyons* v. *Rosenberg*, 271 App. Div. 946; *People ex rel. Schali* v. *Deyo*, 181 N. Y. 425; *People* v. *Sandoval*, 262 App. Div. 288; *Gibbs* v. *Kahn*, 71 Misc. 177.)

*Max Becker*, appellant in person. I. The stay neither enforces a right nor restrains a court from proceeding in excess of its jurisdiction. It does deprive defendant of rights vested in him by virtue of a judgment of the Kings County Court, and it restrains the Supreme Court of Cayuga County from proceeding within its jurisdiction to a determination concerning such vested rights properly before it for disposition. (*People ex rel. Sabatino* v. *Jennings*, 246 N. Y. 258; *People ex rel. Adams* v. *Johnson*, 44 Misc. 550; 1909 Atty. Gen. 802; 1904 Atty. Gen. 345; *Matter of Lyons* v. *Robinson*, 293 N. Y. 191; *People ex rel. Bennett* v. *Merritt*, 286 N. Y. 674; *Matter of Stebbins* v. *Sherwood*, 241 App. Div. 615.) II. Any claim that Special Term did not have jurisdiction to determine the matter presented on the proceeding for a peremptory order of mandamus to compel the Commissioner of Correction to submit defend-

ant's name to the Governor as one whose time may be diminished under the provisions of article 9 of the Correction Law on the judgment rendered by the Kings County Court on October 19, 1926, is frivolous. (Civ. Prac. Act, § 1287.) III. The commissioner improperly withheld certification of defendant's name from the Governor's consideration. (*People ex rel. Sabatino* v. *Jennings,* 246 N. Y. 258.)

CONWAY, J. The defendant was convicted, in the County Court of Kings County in October, 1926, of the crimes of burglary, third degree, as a second offense and grand larceny, second degree, as a second offense. He was sentenced to serve a term of twenty years upon the conviction of burglary and to serve a term of ten years upon the conviction of grand larceny.

While imprisoned, the defendant was convicted of an attempt to escape in 1930, in the Supreme Court, Cayuga County. Upon that conviction he received a sentence of twelve years, to commence upon the expiration of the sentences already pronounced upon him. In June, 1947, the defendant commenced a proceeding alleged to be in the nature of *coram nobis,* claiming that the maximum sentence which could have been imposed upon him for the crime of attempt to escape was seven years. In that proceeding the contention of the defendant was upheld and the prior sentence vacated. The court then resentenced him to serve a term of three and one-half years and suspended execution of judgment thereon. From that decision the District Attorney and the Attorney-General, representing the Warden of Attica State Prison, appealed to the Appellate Division and the appeal is now pending undetermined. We are not concerned here with the merits of that appeal nor with the disposition which may be made of it. As a result of the decision, however, the Prison Board of Attica State Prison in October, 1947, recommended a reduction of sentence for the prisoner (see Correction Law, §§ 234, 235) and, in accordance with section 232 of the Correction Law, the warden forwarded its report and recommendation to the Governor through the Department of Correction. On the advice of the Attorney-General, the Commisisoner of Correction withheld submission of the report and it has not yet been submitted to the Governor.

Section 232 of the Correction Law, insofar as applicable here, reads as follows: *" Monthly report of warden to governor. On any day not later than the seventh day of each month, the warden or superintendent of each of the state correctional institutions and of each of the penitentiaries in this state shall forward to the governor through the department of correction a report, directed to him, of any prisoner whose term may be diminished and who may be released the following month, by reason of the reduction of his or her sentence, in the manner provided in this article, which may be written or printed * * * "*. It is clear that the Commissioner of Correction was required to forward the report and recommendation to the Governor. Had he done so and had the Governor acted upon it the defendant would have been eligible to be permitted to go on parole outside of the prison walls beginning on or about the 6th day of November, 1947 (see Correction Law, § 241).

In December, 1947, the prisoner served an order to show cause why an order of mandamus should not issue to compel the Commissioner of Correction to forward to the Governor the report and recommendation of the Prison Board of Attica State Prison. Thereupon the Attorney-General obtained from the Presiding Justice of the Appellate Division, Fourth Department, an order which stayed all proceedings on or pursuant to two orders of Special Term including " a certain order in the Matter of the Application of Max Becker for a Peremptory Order of Mandamus directing the Commissioner of Correction to certify his name to the Governor and to pay him substantial damages and directing the Warden of Attica State Prison to produce Becker before a Special Term of the Supreme Court to be held in Auburn on December 20, 1947 * * * " pending a hearing of the application for such a stay by the full court. On January 14, 1948, the Appellate Division, Fourth Department, directed a continuance of the stay.

The proceeding alleged to be in the nature of *coram nobis* was entitled in the criminal action *People of the State of New York* v. *Max Becker*. That was the action in which the prisoner had been convicted of an attempt to escape. The stay was granted in that criminal action and not in the criminal action which had its venue in Kings County. It was in the latter action

that Becker was serving the sentences, totaling thirty years, as to which the prison board reported and recommended that there should be a reduction.

It is in the action commenced in Cayuga County that the appeal is now pending in the Appellate Division, Fourth Department. The execution of the judgment in that action has been suspended. If that had been the only action pending against the defendant, he would have been freed at the time the execution of sentence was suspended. Had it been the only pending action, no judge or court would have had the power to keep the defendant imprisoned during the pendency of an appeal by the District Attorney or the Attorney-General because it was thought that the decision resentencing the prisoner and suspending execution of judgment was improper and might be reversed. Had it been claimed that the court had no jurisdiction or power to set aside the original sentence and then to resentence and to suspend execution of the judgment, the proper remedy would have been to apply for an order of prohibition. That, however, was not done. In applying to the Appellate Division for the stay of the mandamus proceeding the Attorney-General was entirely frank in stating his position. His deputy in his affidavit said: '' For the sake of argument on this application the deponent will assume that by virtue of the vacating of the twelve year sentence and a substitution of the three and a half year suspended sentence, that Becker has become eligible to have his name certified to the Governor, pursuant to the provisions of Article 9 of the Correction Law. However, the People of the State of New York sincerely feel that the Special Term was in error when it vacated this sentence and imposed a suspended sentence.''

Later in the same affidavit he said: '' The People of the State of New York feel that this is a most appropriate occasion for asking this Court to stay the pending mandamus proceeding and all or any other further proceedings in this matter other than prosecution of the appeal itself, until the appeal is argued and determined.''

Neither the District Attorney nor the Attorney-General claims that the stay so obtained from the Appellate Division was in the nature of an order of prohibition or, indeed, had any statutory justification. It is claimed instead that the granting of it

was within the inherent power of the Supreme Court. We know of no such inherent power in the Appellate Division of the Supreme Court in connection with an appeal pending before it by the District Attorney or the Attorney-General. (See Code Crim. Pro., § 526; *People ex rel. Sabatino* v. *Jennings,* 246 N. Y. 258.)

Had the mandamus order sought by the defendant been granted, no irreparable harm would have been done to the People of the State of New York. The recommendation of the prison board would have been forwarded through the Commissioner of Correction to the Governor and it would have been for him to act upon it. Statutory discretion is expressly confided in him by section 241 of the Correction Law to " allow the same, in whole or in part ". If upon the appeal to the Appellate Division there be. a reversal of the action of the Justice of the Supreme Court in setting aside the original sentence of twelve years, then imposing a new one and then suspending execution of judgment, the prisoner may be again placed within prison walls and enclosure if he shall have been released on parole (see Correction Law, § 220). While on such parole the prisoner is still in legal custody and under the control of the warden of the State prison from which he was released (Correction Law, § 241). In the meantime there resides in this State no power in any court to stay a statutory proceeding looking toward the orderly consideration by the Governor of the custody of a prisoner sentenced to a State prison because there is either probability or possibility that there may be a reversal of a decision favorably affecting the prisoner by an appellate court.

We treat the appeal here as one from a final order in a special proceeding — the special proceeding constituting the application in the first instance to the Appellate Division for a stay, in one criminal action, of a special proceeding in the nature of mandamus pending in the Supreme Court of the State of New York affecting still another and separate criminal action.

The order granting the stay of the proceeding in the nature of mandamus is reversed and the stay vacated.

LOUGHRAN, Ch. J., LEWIS, DESMOND, THACHER, DYE and FULD, JJ., concur.

Order reversed, etc.