Ira Leighton

*v.*

C. Murray Henderson, etc.

407 S.W.2d 177.

(*Nashville,* December Term, 1965.)

Opinion filed October 7, 1966.

WILLIAM A. HARWELL, District Attorney General, Columbia, JOE W. HENRY, JR., of counsel, HENRY, HENRY & LEWIS, Pulaski, for petitioner.

LLOYD COMER, Lawrenceburg, for respondent.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

The question for decision in this case is whether or not a trial judge has authority to permit a convict bail following the granting of a writ of habeas corpus, pending an appeal by the State.

This case comes to us on the petition of C. Murray Henderson, Warden of the State penitentiary, who seeks supersedeas of an order of the trial judge sustaining the petition for habeas corpus and allowing Leighton bail pending an appeal of the said habeas corpus hearing to this Court.

■ As a general rule, admission to bail pending a proceeding for review of an order of judgment in a habeas corpus proceeding is largely statutory.

The terms of the statute may be such that no bail or recognizance is required or permissible upon notice of appeal by the State from an order directing the unconditional discharge of the prisoner upon a writ of habeas corpus, See, e.g., *People ex rel. Sabatino v. Jennings,* 246 N.Y. 258, 158 N.E. 613, 63 A.L.R. 1458. By other statutes courts are authorized or required to allow bail pending appeal from an order or judgment discharging the prisoner. See e.g., *Waller v. Jordan,* 58 Ariz. 169, 118 P.2d 450, 143 A.L.R. 1349.

The Federal Rules make specific allowance for bail in such situations. Rule 49(3) of the Rules of the United States Supreme Court declares:

"Pending review of a decision discharging a prisoner on habeas corpus, he shall be enlarged upon recognizance, with surety, for his appearance to answer and abide by the judgment in the appellate proceeding; * * *"

■ The respondent in the case sub judice contends that by virtue of T.C.A. sec. 40-1204, the trial judge does have the authority to grant bail pending the State's appeal from an order discharging a convict on a writ of habeas corpus.

That statute, along with T.C.A. sec. 40-3406 and sec. 40-3407 was construed by this Court in *State ex rel. Brown v. Newell,* 216 Tenn. 284, 391 S.W.2d 667.

On the facts the *Brown* case is distinguishable from the one at bar. In that case the petitioner was appealing

from a dismissal of a writ of habeas corpus; whereas, in the present case, the State is appealing from a granting of the writ of habeas corpus. Although factually distinguishable it appears that the statutory interpretations of the *Brown* case would apply in the present case as well.

In construing the bail statutes in the *Brown* case, the Court held that T.C.A. sec. 23-1828 did not extend the right to bail beyond those instances where bail is allowed under T.C.A. sec. 40-1201 et seq. As to T.C.A. sec. 40-1204, sec. 40-3406 and sec. 40-3407, it was decided that these sections applied only to direct appeals or writs of error from conviction. In that regard, it should be remembered that these sections are part of the State "Criminal Code". Consequently, it would seem to follow that they would not have any application to habeas corpus cases which are civil in nature.

After an analysis of the above mentioned statutes, the Court concluded:

"Admission to bail pending proceedings for review of an order or judgment in a habeas corpus proceeding is largely statutory. We are unable to find clear statutory authorization for admitting to bail in such a case. It, therefore, appears to us that where the petition for habeas corpus is dismissed and the prisoner remanded, we should not admit to bail pending an appeal."

The Court's refusal to allow bail in the *Brown* case was not grounded solely upon the finding of no statutory authorization. The decision, to some extent, was based upon a statutory prohibition found in T.C.A. sec. 23-1831,

which provides in habeas corpus proceedings the trial judge shall remand the prisoner to custody, if it appears that his detention is authorized by law.

In at least one case within this jurisdiction, the authority of the trial judge to grant bail pending the State's appeal seems to have been recognized. In *State ex rel. Johnston v. McClellan,* 87 Tenn. 52, 9 S.W. 233, a convict was discharged on a writ of habeas corpus, and the State appealed. After making an appearance bond, the convict was released pending the hearing on appeal. In a judgment on the bond, because of the convict's failure to appear, it was held that the bond was valid and enforceable.

In determining the power of the trial judge to grant bail in cases where the prisoner has been discharged by a writ of habeas corpus and the State appeals, the following statement made by the New York court, speaking through the late Mr. Chief Justice Cardozo, in *People ex rel. Sabatino v. Jennings,* supra, should be considered:

"It would be intolerable that a custodian adjudged to be at fault, placed by the judgment of the court in the position of a wrongdoer, should automatically, by a mere notice of appeal, prolong the term of imprisonment, and frustrate the operation of the historic writ of liberty. 'The great purpose of the writ of habeas corpus is the immediate delivery of the party deprived of personal liberty.'

\* \* \* \* \* \*

"Little would be left of 'this, the greatest of all writs' if a jailor were permitted to retain the body of his prisoner during all the weary processes of an appeal begun without leave and languidly continued."

■ It appears that there is no express statutory authorization for a trial judge to grant a convict bail pending an appeal by the State from an order discharging the convict on a writ of habeas corpus. It is the judgment of this Court, however, that there are more reasons for allowing the prisoner bail where the writ of habeas corpus is granted and the State appeals, than when it is denied and the petitioner appeals. In the latter case, there appears to be a statutory mandate for the judge to remand the petitioner to custody. See T.C.A. sec. 23-1831. Also, it would be totally unreasonable to allow bail when the writ is denied since the prisoner could escape detention indefinitely. Neither of these reasons are present where a trial court has determined that a prisoner is being detained unlawfully.

■■ In such case the better rule would seem to be to allow the court in its discretion to grant bail to the petitioner when the court thinks that justice demands such. The order and record in this case clearly show for good reasons that the trial court did exercise its discretion and grant petitioner bail pending the appeal of the habeas corpus petition. There is nothing in this record, nor in law, as far as we can see, wherein the trial court has abused the discretion imposed upon that court.

For the reasons thus assigned we think that the petition for supersedeas in this case must be denied and the order of the trial court allowing petitioner bail while the petition for habeas corpus is on appeal is correct.