[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a habeas corpus proceeding, heard on various days commencing on December 15, 1995 and concluding on February 1, 1996. A decision was filed March 27, 1996 in which the court found the evidence of the petitioner's factual innocence to be persuasive, and granted the writ of habeas corpus. The respondent filed a petition for certification which this court has granted. The petitioner has now moved for bail pending the respondent's appeal.
The power to admit to bail is a common-law power that applies, to habeas proceedings as well as to criminal cases. Inasmuch, although the power of a court to admit a petitioner to bail is not statutory, the court has an inherent power to issue an order admitting a petitioner to bail. Gaines v. Manson, 194 Conn. 510,529 (1984); Carino v. Watson, 171 Conn. 366 (1976). A judge to which a habeas corpus petition is brought possesses the full judicial power of the Superior Court. Rose v. Nickeson,29 Conn. Sup. 81, 82 (1970), citing Brown v. Cray, 88 Conn. 141, 145; andNorwalk Street Ry. Co's Appeal, 69 Conn. 576, 602. The authority to admit to bail while a habeas is pending is not diminished by the CT Page 3404 granting of the petition. Leighton v. Henderson, 407 S.W.2d 177,178 (1966).
This petitioner should be granted the opportunity to be admitted to bail on this habeas proceedings where a disposition has been made. "`The great purpose of the writ of habeas corpus is the immediate delivery of the party deprived of personal liberty.'"Leighton v. Henderson, 407 S.W.2d 177 (1966) supra, quoting Peopleex rel. Sabatino v. Jennings, 246 N.Y. 258. Denying the court the power to admit the petitioner to bail might very well render the habeas proceeding valueless to the petitioner. In Winnick v.Reilly, the Connecticut appellate court held that following a habeas corpus proceeding, the right to admit to bail must be within the power of the court, or "the right of appeal would be destroyed or seriously hampered, for the period of the pendency and determination of the appeal . . . might be considerable" 100 Conn. 291
at 298 (1924). As Justice Cardoza opined in People ex rel.Sabatino v. Jennings,
 "[i]t would be intolerable that a custodian adjudged to be at fault, placed by the judgment of the court in the position of a wrongdoer, should automatically, by a mere notice of appeal, prolong the term of imprisonment, and frustrate the operation of the historic writ of liberty. "
246 N.Y. 258, as quoted in Leighton v. Henderson, 407 S.W.2d 177
(1966), supra.
The decision of whether to admit to bail is a matter within. the absolute discretion of the court. Winnick v. Reilly, supra,100 Conn. 291 at 298 (1924). Consequently, "[h]abeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the [petitioned] court has the power to release him." Proll v. Morris, Wash., 534 P.2d 569, 571 (1975), citing Fay v. Noia, 372 U.S. 391, 430-31 (1963).
Wherefore, the petitioner is admitted to bail under the following conditions: 1) bond is set at $100,000.00 non-surety; 2) the petitioner is permitted to reside in his home in New York, but may not travel beyond Connecticut or New York; 3) the petitioner should be at his residence in New York every Monday morning when he shall contact bail commissioner Joanne Vaughn by phone at (860) 870-3225 between the hours of 9 a.m. and 10 a.m. from his residence in New York, with the understanding that she CT Page 3405 will be able to verify. his presence at his residence by calling him at her option. In the event the petitioner obtains employment he shall call Ms. Vaughn, from his place of employment giving her the telephone number at which he can be reached on Mondays between the same hours; and 4) the petitioner is ordered not to contact any of the witnesses who were called by the respondent to testify at either the criminal or habeas trial, although this order shall not be construed to prevent counsel for the petitioner from contacting witnesses as is deemed necessary and appropriate in furtherance of representation of the, petitioner.
It is so ordered.
BY THE COURT,
Bishop, J.