## POMEROY *v.* LAPPEUS.

### PLEADING CITY ORDINANCES.

Where it becomes necessary to plead a city ordinance, a mere reference to it by number, title and date of enactment, is not sufficient.    It must be set forth in the pleading as any other fact of which the courts take. no judicial notice.

### HABEAS CORPUS—JURISDICTION.

In a proceeding of *habeas corpus*, the court to which the writ is returnable acquires jurisdiction to make a final order in the cause, by the service of the writ upon the defendant while the prisoner is still in his custody; and such jurisdiction cannot be ousted by any act of the defendant without the consent of the court.

APPEAL from Multnomah.

On the 7th day of July, 1880, the respondent applied by petition to the Hon. Raleigh Stott, judge of the fourth judicial district, for a writ of *habeas corpus*, directed to the appellant.    The petition set forth the unlawful imprisonment of the petitioner, the place thereof, and supposed cause.    The writ was issued as prayed for, and made returnable before said judge, at 9 o'clock the following morning.    It was duly served on the appellant, who was chief of police of the city of Portland, the same day it was issued.

At the time and place designated in the writ, the appellant made his return, setting forth, in substance, that on July 7, 1880, he arrested the respondent on a warrant issued by L. B. Stearns, police judge of the city of Portland, upon a charge of having violated Ordinance No. 321 of said city, entitled an ordinance to prevent and punish trespass upon the public squares and other public property of the city of Portland, by going upon that public property of said city known as the public levee, and digging up said public levee, and removing the earth therefrom; and that at the time the writ was served, he held respondent in his custody, in the city jail, upon said warrant, and by order of said police judge, for trial on said charge, which had been set for one o'clock P. M.,

of the same day on which the return was made.   That at the time of his arrest, the respondent's bail had been fixed at fifty dollars, which he had given and been discharged from custody between the service of the writ and the time of making the return; and that the respondent had not since been in his custody, but was then in court.   The original writ and a copy of the warrant of arrest were annexed to the return.

The city attorney and J. N. Dolph appeared for appellant; and John M. Gearin, Ellis G. Hughes and C. B. Bellinger, appeared for respondent, and filed a general demurrer to the return.   The court sustained the demurrer, and appellant refusing to plead further, ordered that the respondent be discharged.   From this ruling and order of the court this appeal has been brought.

By the Court, Watson, J.:

The demurrer was properly sustained.   Under the provisions of our statute relating to the proceeding on *habeas corpus* the return is a pleading, and is to be construed and have the same effect as in an action.   (Section 619, Civil Code.)

The reference to the city ordinance by number, title and date of enactment only, was insufficient.   If ot recited in full, at least the provisions of the ordinance of v ich the acts attributed to the respondent were alleged to be a violation, should have been recited.   The want of such ; legations in the return rendered it fatally defective on gene: il demurrer. (*Harker* v. *Mayor of New York*, 17 Wend., 1! ); *People* v. *Same*, 7 How. Pr., 81.)

The principal portion of appellant's argum· it upon the hearing related to the validity of the city ordin nce; but no such question arises upon the record before us, a d we cannot consider or express our opinion on it.   The reco 1 only shows that the court below held the return insufficient ipon general demurrer.

We think the decision was correct, and it is i imaterial to

the determination here whether the reasons for that decision were sound or otherwise. But it was claimed by appellant, at the hearing, that the statement in the return, that the respondent had given bail and been discharged after service of the writ, but before the return was made, alone rendered the return sufficient on general demurrer. We are unable to discover any sound basis for this proposition.

The circuit court acquired jurisdiction to examine into the cause of respondent's imprisonment, and to either remand or discharge him, according to the facts disclosed upon such examination, and the law applicable thereto, as soon as the writ was served on the appellant, having the respondent still in his custody. Thereafter the appellant was bound to detain him in his custody upon that writ, subject to the orders of the court from whence it issued.

The respondent might have become legally entitled to his discharge from the original detention and imprisonment, after the service of the writ in the habeas corpus proceeding, but in contemplation of law he was then in custody upon that writ, and the power to discharge him had vested in the tribunal issuing it.

Without the sanction of that tribunal, neither of the parties could by any act of his own simply, oust it of its jurisdiction to make a final order in the case.

It could not make any difference in the determination of the case, that the appellant disclaimed having the respondent in his custody, in his return to the writ. It showed that he was present in court at the time, in person, and subject to its orders. Besides, the respondent had a right to insist on a final adjudication in that proceeding. It was capable of affording other benefits and advantages besides a simple release from confinement at the time.

Questions finally determined in it could not be re-examined upon any other proceeding by habeas corpus. (Civil Code, section 639.) And the respondent's immunity from future arrest and imprisonment under the same authority, could

only be secured by a final order declaring such authority illegal and invalid. No error appearing from the transcript, in any of the particulars assigned by appellant, the order appealed from is affirmed.

Judgment affirmed.