(10 Misc. Rep. 247.)

PEOPLE ex rel. YOUNG v. STOUT, Prison Agent and Warden.

(Supreme Court, Special Term, Monroe County.  November, 1894.)

HABEAS CORPUS—STAY—INHERENT POWER OF COURT.

    No court has inherent power to stay the operation of a writ of habeas corpus, nor is any such power conferred by statute in New York.

Application by Charles Young for writ of habeas corpus to James C. Stout, as agent and warden of Auburn state prison.   The writ was granted, and relator was discharged by the general term (30 N. Y. Supp. 898) and defendant moves for a stay of proceedings pending an appeal to the court of appeals from a final order discharging relator.   Denied.

H. H. Widener, Asst. Dist. Atty., for the motion.
H. J. Sutherland, opposed.

RUMSEY, J.   The relator sued out a writ of habeas corpus at the general term to obtain his discharge from confinement in the Auburn state prison, and upon consideration the general term, holding that his imprisonment was illegal, made a final order that he be discharged therefrom, but suspended the proceedings upon said order for five days to enable the district attorney to appeal to the court of appeals.   The time of this suspension being about to expire, the district attorney now moves for a stay of proceedings upon a final order until the hearing of the decision of the court of appeals upon the appeal.

The only question presented is whether the court had any power to stay proceedings upon such an order.   If such a power exists anywhere in the court, the fact that the order was made by the general term affords no reason why the stay should not be granted at this term.   The supreme court is one court, no matter whether it be held by one judge or four, and its jurisdiction may be exercised at special or general term, unless some statute especially directs otherwise; and the special term has jurisdiction to hear and determine all questions which can come before the court, except appeals, unless it is otherwise prescribed by law.   People v. Nichols, 79 N. Y. 582; In re Canal & Walker Sts., 12 N. Y. 406.   But the power of any court to stay the action of the writ of habeas corpus, discharging one who has been illegally confined, is another matter entirely.   There is no inherent power in any court to make such an order.   The writ of habeas corpus would be deprived of its efficiency, if any court should undertake to continue an imprisonment once declared to be unlawful.   Whether authority might be given to a court to stay proceedings in such a case, in view of the provisions of section 4 of article 1 of the state constitution, may be seriously doubted; but,

however that may be, there can be no doubt that, unless the authority is given by law, no court can do anything of the kind. It is no doubt true that in many—indeed, in most—cases the court which has made an order or judgment may, by its own power, without statutory authority, direct such a stay of its mandate as justice shall seem to require, but I do not think this inherent power exists in habeas corpus proceedings. The question presented to the general term by this writ was whether or not the relator was lawfully confined in prison. When the order for his discharge was made, it was a judgment that his imprisonment was illegal. From that time there was no ground for longer holding him in custody. The final order discharging him is conclusive until it is reversed, at least, and the fact that an appeal has been taken does not alter its legal effect. So long as it is unreversed, the imprisonment upon which the relator was held is illegal. Any attempt to stay his discharge by a subsequent order amounts simply to keeping him in custody for the same cause after he has been discharged by the writ, which the law forbids. Code Civ. Proc. § 2050. I can conceive of no principle upon which, after an imprisonment has been judged to be illegal, a party can be restrained of his liberty without some new and legal process, so long as the judgment stands.

It is said, however, that if these proceedings are not stayed the relator will be discharged from his imprisonment, and will leave the country, and therefore a reversal of the final order would be of no effect. All that may be very true, but yet there is no presumption that there will be a reversal, but the contrary; and the claim of the right to keep this man longer in imprisonment is based simply upon the contention of the district attorney that the law will be held differently by the court of appeals. But until it is so held the discharge is legal. Where, then, is the foundation of any right to hold him in custody? The argument is simply ab inconvenienti, but that is never of much force, and certainly cannot safely be relied upon to defend the imprisonment of a person without warrant of law. The suggestion of that argument is fully answered in Ex parte Jilz, 64 Mo. 205, as well as in the opinion of Allen, J., in People v. Liscomb, 60 N. Y. 559, 575.

The great weight of authority at common law is that there was no review of final order discharging a prisoner upon habeas corpus. Ex parte Jilz, supra; People v. Fairman, 59 Mich. 568, 26 N. W. 769. In the case last cited the authorities upon the subject seem to be very fully collated. It is quite true that in Yates v. People, 6 Johns. 511, it was held by a small majority of the court of errors, against the opinion of the chancellor and all the justices of the supreme court but one, that a writ of error lay to the supreme court to review its action refusing to discharge upon habeas corpus a person who had been illegally committed. But, even in that case, Clinton, Senator, delivering the opinion of the court, says: "If, then, the judge had jurisdiction in the cause, * * * his discharge, being in favor of personal liberty, is final and conclusive. He is, in that respect, a court of dernier resort." So even that case does not run counter to the great current of authority, that from an order dis-

charging a prisoner upon habeas corpus no appeal or writ of error lies. In this state the right to a writ of error or certiorari to review such an order was given by statute. 2 Rev. St. 573; 3 Hill, 676. Of course, if there was at common law no power to review the action of a court or judge discharging a prisoner upon habeas corpus, there could be no power to stay proceedings upon the order discharging him. The power, if it existed after the right to review was given, must have come to exist only by virtue of the statute which created the power to review the order. But the statute gave no such power to the appellate court. It says nothing upon the subject. The Civil Code contains many provisions for the disposition of the prisoner during the pendency of an appeal from an order refusing to discharge him, providing for his being admitted to bail in such cases. But it makes no provision whatever for his custody during the review of an order directing his discharge. It does not even provide for letting him be bailed during the pendency of the appeal. It cannot be possible that the legislature would have permitted one whose imprisonment had been declared illegal to remain in prison without bail during the review of the proceedings, and yet if a stay of proceedings in such cases is permissible no other result can be reached. For these reasons, I think that the power to stay proceedings pending this appeal does not exist, and the application for a stay must be denied. This, however, does not apply to the writ of habeas corpus to determine the right to the custody of a child, which stands upon an entirely different footing. People v. Brady, 56 N. Y. 182, 192. Application denied.