Argued June 19, affirmed July 3, 1917.

## STATE v. FETSCH.

(165 Pac. 1179.)

**Criminal Law—Appeal and Error—Harmless Error.**

1.   In the absence of objection, failure to make an entry of an order showing that a person accused of assault and battery stated that the name under which he was tried was his own, as required by Section 1466, L. O. L., *held* harmless error.

**Criminal Law—Jurisdiction of Court's Sentence.**

2.   Under Section 1924, L. O. L., as amended by Laws 1911, page 179, providing that, if any person not armed with a dangerous weapon shall assault another or shall commit an assault and battery, he may be fined not less than $50 or more than $500, if tried in the Circuit Court, or not less than $5 or more than $50 if tried before a justice of the peace, a Circuit Court has jurisdiction to impose a fine of $150 in a prosecution commenced in the court of a justice of the peace wherein a fine of only $20 was imposed.

From Multnomah: GEORGE N. DAVIS, Judge.

The defendants, August Fetsch and T. F. Ward, were arrested, tried and convicted in the Justice's Court of Portland of assault and battery and appealed to the Circuit Court, where they were again convicted, and again appeal. The facts and errors complained of are set forth in the opinion of the court. Affirmed.

For appellants there was a brief and an oral argument by *Mr. H. K. Sargent.*

For the State there was a brief over the names of *Mr. Walter H. Evans,* District Attorney, and *Mr. Charles C. Hindman,* Deputy District Attorney, with an oral argument by *Mr. Hindman.*

Department 2. MR. JUSTICE BEAN delivered the opinion of the court.

The defendants, August Fetsch and T. F. Ward, were complained against under fictitious names in the Justice's Court for the district of Portland for the crime of assault and battery and were arrested. They entered pleas of not guilty, and upon being tried were convicted and fined $20 each. An appeal was taken to the Circuit Court where the defendants were found guilty by the verdict of a jury and a fine of $150 each was imposed by the court. An appeal was prosecuted to this court.

1. It is assigned as error that the complaint is insufficient for the reason that the true names of the defendants which appear in the title of the cause are not inserted in the body of the complaint, and that there is nothing in the record to show that an order was made by the court directing that an entry of the fact that the defendants each stated that another name than that in the complaint was his true name, be entered in the journal as provided in Section 1466, L. O. L. Fictitious names of the defendants are in the body of the complaint and the names under which they pleaded appear to have been inserted in the title of the cause. All the later proceedings in the case were had against them under their true names substantially in conformity with Section 1441 and the one just referred to, and evidently so by order of the court. The failure, if any, of the proper entry of any order made would only be a matter of correcting the

journal of the court to show the true proceeding taken. At the most the court having jurisdiction of the subject matter and of the persons of the defendants it was only an irregularity which affected no substantial rights of the defendants. The matter was not called to the attention of either Justice's or Circuit Court. Defendants' undertaking of bail and notice of appeal, presumably prepared by their counsel, both state the true names of the defendants and nothing more. If there was any error in this respect in the Circuit Court the defendants invited it and they cannot be heard to complain. The complaint charged, and they fully understood, the offense for which they were to answer. We review only the action of the trial court. This informality was not made the subject of inquiry there. It is now too late for the defendants to complain of that which did not prejudice their case.

2. It is contended on behalf of defendants that the Circuit Court upon the trial of the cause was exercising appellate jurisdiction and could impose no greater fine than that authorized to be adjudged by the Justice's Court. Section 2411, L. O. L., confers jurisdiction upon a Justice's Court of the crime of assault, and assault and battery, not charged to have been committed with intent to commit a felony, or in the course of a riot, or with a dangerous weapon, or upon a public officer in the discharge of his duties. Section 1924, L. O. L., as amended by Gen. Laws of 1911, p. 179, enacts:

"If any person not being armed with a dangerous weapon, shall assault another or shall commit any assault and battery upon another such person, upon conviction thereof, shall be punished by imprisonment in the county jail not less than three months nor more than one year, or by a fine not less than $50 nor more than $500; provided, that in any case in which any per-

son shall be accused in a court of a justice of the peace shall, on motion of the district attorney, at any time before trial, either proceed to examine and dispose of the case as committing magistrate, either discharging the defendant or holding him to answer the charge before the circuit court, or proceed with the trial of the case as in other cases over which a justice's court has jurisdiction but if the defendant is convicted, the justice cannot impose upon such defendant any other or greater punishment than a fine of not less than $5.00 nor more than $50.''

Under these sections a Justice's Court has concurrent jurisdiction with the Circuit Court in certain cases of assault and battery. Nevertheless the Justice's Court is authorized to impose upon the defendants no other or greater punishment than a fine of not less than $5.00 nor more than $50.00. According to the clear mandate of the statute, in any case of assault, or assault and battery, by any person not being armed with a dangerous weapon, the only penalty that can be inflicted is imprisonment in the county jail not less than three months nor more than one year, or a fine of not less than $50 nor more than $500, upon conviction in any court other than a Justice's Court: *Ex parte Martin,* 46 Fed. 482. This statute is the only authority the Circuit Court had to exercise in the cause and there was no error in complying with the enactment. In effect the lawmakers have said that in any case of assault or assault and battery of sufficient importance for the Circuit Court to take cognizance of, the punishment, if imposed, shall be greater than in those cases of a like nature where the law is administered by a Justice's Court. It may seem anomalous, but the regulation of the sentence is for the legislative department of the state. In its wisdom it has seen fit to place considerable discretion in the

district attorney as to the interests of the state in such cases. Upon appeal to the Circuit Court from a judgment of a justice of the peace in a civil action, a trial *de novo* is had. After an appeal is perfected the action is deemed pending and for trial therein as if originally commenced in the Circuit Court: Section 2463, L. O. L. Under Section 2509, L. O. L., as amended by Laws of 1913, p. 507, an appeal is taken in a criminal action in the same manner as in a civil action, except as to the mode of service of the notice and the giving of an undertaking for costs. In a note to Section 1924, *Ex parte Martin,* 46 Fed. 482, is recognized by Honorable W. P. Lord, the annotator, a former justice of this court, as authority for the construction of Section 1924, L. O. L., to the effect that the Circuit Court cannot impose a fine of less than $50. Any change in the long-established rule should be made by legislative enactment. The trial court had authority to impose the fine mentioned and the judgment is affirmed. AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE MOORE and MR. JUSTICE McCAMANT concur.