IN THE MATTER OF THE ESTATE OF EMILE PFIZER,
DECEASED.

THE NEW YORK ASSOCIATION FOR THE BLIND, CITY OF
NEW YORK, BELLEVUE HOSPITAL (DEPARTMENT OF
HOSPITALS, CITY OF NEW YORK), GOUVERNEUR HOS-
PITAL (DEPARTMENT OF HOSPITALS, CITY OF NEW
YORK) and MARIEN-HEIM OF BROOKLYN AND ASSO-
CIATION FOR THE AID OF CRIPPLED CHILDREN, RE-
SPONDENTS, v. ALBERT A. TEETER AND NATIONAL
CITY BANK OF NEW YORK, EXECUTORS OF THE LAST
WILL AND TESTAMENT OF EMILE PFIZER, DECEASED,.
AND WILLIAM HUCK, JR., APPELLANTS.

Argued November 20, 1950—Reargued December 18, 1950—
Decided January 15, 1951.

234

*Mr. Thomas J. Markey* argued the cause for the appellants.

*Mr. Harrison F. Durand* argued the cause for the respondent Sydney G. Soons.

*Mr. Herman G. Vorburger* argued the cause for the other respondents (*Messrs. Hopkins, Vorburger & Dickson,* attorneys).

The opinion of the court was delivered by

OLIPHANT, J. This appeal, here by certification to the Appellate Division, is from a judgment of that court which modified a judgment of the Somerset County Court, Probate Division, dated November 18, 1949, which settled the final accounting of the executors of the estate of Emile Pfizer and allowed commissions to the executors, and counsel fees. On December 28 and 29, 1949, the respondents here served notices of appeal from the judgment of the Somerset County Court on the executors and thereafter, on January 5, 1950, filed said notices of appeal in the Office of the Clerk of the Somerset County Court, 48 days after the entry of the judgment.

These appellants then, on February 1, 1950, served and filed a notice of motion in the Appellate Division to dismiss the appeals and on February 9th, the respondents here filed a notice of cross-motion that in the event it be decided the notices of appeal were not filed in time, that the time for filing the same be extended under *Rules* 3:6–1 and 4:6–2, or that the court direct that they be filed *nunc pro tunc* as within time.

The Appellate Division, though admitting they were not perfected within time, denied the motion to dismiss the appeals and decided the cause on the merits and modified the judgment below by reducing the sum of the commissions granted the executors and the allowances to counsel. It held it had the discretionary power to decline to dismiss the appeal by reason of Art. VI, Sec. IV, par. 3 of the Constitution of 1844 which gave an appeal from the Orphans' Court to the Prerogative Court and that the Legislature could not abridge the jurisdiction of the latter court to review an order of the lower court fixing executor's commissions, citing *Anderson v. Berry,* 15 *N. J. Eq.* 232 (*Prerog.* 1862). At that time the statutory time for appeal was 30 days and in the opinion it was pointed out that in *In re Casey,* 127 *N. J. Eq.* 101 (*E. & A.* 1940), and *Heise v. Earle,* 134 *N. J. Eq.* 393 (*E. & A.* 1944), the former Court of Errors and Appeals held that the Prerogative Court had unquestioned power to refuse to dismiss an appeal taken out of time when equity and justice

dictated such a course. The Appellate Division took the position that because the present Constitution, Art. VI, Sec. V, par. 2, gives an appeal to the Appellate Division from the County Courts and by Art. XI, Sec. IV, par. 3 which provides, with respect to the former Prerogative Court and other former constitutional courts, that "all their jurisdictions, functions, powers and duties shall be transferred to and divided between the new Supreme Court and the Superior Court, according as jurisdiction is vested in each of them under this Constitution" and that the Appellate Division now has the discretionary power of the old Prerogative Court over appeals from the former Orphans' Courts and that the Supreme Court in promulgating its rules did not destroy that power.

We cannot agree with this line of reasoning. Art. VI, Sec. II, par. 3 of the Constitution of 1947 specifically and unequivocally vests in the Supreme Court exclusively the rule-making power, subject to law, with respect to practice and procedure in all the courts. Art. VI, Sec. III, par. 1 provides that the judges of the Superior Court "shall exercise the powers of the court subject to rules of the Supreme Court" and paragraph 3 of the same section provides that each division of the Superior Court "shall * * * hear such causes, as may be provided by rules of the Supreme Court."

The Prerogative Court was abolished by our new Constitution and its jurisdiction was transferred to the Superior Court, Art. XI, Sec. IV, par. 3, which provides:

"The Court of Errors and Appeals, the present Supreme Court, the Court of Chancery, the Prerogative Court and the Circuit Courts shall be abolished when the Judicial Article of this Constitution takes effect; and all their jurisdiction, functions, powers and duties shall be transferred to and divided between the new Supreme Court and the Superior Court according as jurisdiction is vested in each of them under this Constitution."

But that jurisdiction did not include all of the Prerogative Court's powers, for the jurisdiction of that court with respect to practice and procedure had been vested in the new Supreme Court. If it were otherwise, as the Appellate Division held and the respondents contend, the Supreme Court

would not exercise the sole rule-making power with respect to practice and procedure for the Superior Court along with all the other courts of the State. The Superior Court by virtue of its having acceded to the jurisdiction formerly possessed by the former Court of Chancery, Prerogative Court and the Supreme Court would have all of the rule-making power which those courts had previously possessed. Such a situation obviously was not intended by the framers of the new Constitution. Such a construction cannot be read into that document and cannot be tolerated for it would result in the restoration of many of the evils which the Constitution was designed to eliminate. The purpose of giving the rule-making power to the Supreme Court was all part and parcel of an integrated judicial system which is designed to effect prompt, adequate, and complete relief to parties in litigation under a modern uniform system of practice and procedure applicable to all the courts of the State despite differences in the jurisdiction conferred on them by either the Constitution or statutes.

The argument of the respondents that while the Supreme Court has the rule-making power it cannot exercise that power to reduce the jurisdiction of the Superior Court because this is fixed constitutionally and any rule in violation thereof would be *ultra vires,* completely ignores the fact that has been pointed out above, namely that the Superior Court was never vested by the Constitution with such of the jurisdiction of the abolished courts. as dealt with rule making and procedure.

An appeal is taken by serving a copy of a notice of appeal upon the attorney of respondent and filing the notice thereof with service acknowledged, or with an affidavit of service annexed thereto, with the court from which the appeal is being taken. *Rule* 1:2–4(a). Both service and filing must be complied with within time, which, in the instant case, was 45 days. *Rules* 1:2–5 and 4:2–5. The latter of the two requirements was not fulfilled. The action of the Appellate Division was therefore clearly contrary to the mandates of this court as found in those rules, and that the time prescribed

for the taking of an appeal cannot and will not be extended, *Rules* 1:7–9 and 4:1–10, has been demonstrated by us in a number of decisions. *In the matter of the Estate of Inez S. Horton, deceased,* 1 *N. J.* 571 (1949) ; *Korfin v. Continental Casualty Co.,* 5 *N. J.* 154 (1950) ; *Winberry v. Salisbury,* 5 *N. J.* 240 (1950). In this last case we made reference to the instant case in the following manner (at *page 255*) :

> "Even with this power vested in the Supreme Court the tendency to deviation is difficult to restrain ; see *Kozarski v. Monta,* 3 *N. J. Super.* 242, 244 (*App. Div.* 1949), and *In re Pfizer,* 8 *N. J. Super.* 6, 10 (*App. Div.* 1950), where powers are claimed for the Appellate Division that are not available to any other court including the Supreme Court."

But even if we could assume that the Appellate Division had the power in question, it never would have exercised it in this case for the Prerogative Court never exercised it where the failure to file the demand for appeal was the fault of the appellant. *Hillyer v. Schenck,* 15 *N. J. Eq.* 398; affirmed, *Ibid.* 501 (*E. & A.* 1862) ; *Claypool v. Norcross,* 37 *N. J. Eq.* 261 (*E. & A.* 1883) ; *Hoil v. Hoil,* 40 *N. J. Eq.* 551 (*Prerog.* 1885) ; *Gloucester City v. Greene,* 45 *N. J. Eq.* 747 (*Prerog.* 1889) ; *In re Williams,* 94 *N. J. Eq.* 377 (*Prerog.* 1923) ; *In re Fulper Estate,* 99 *N. J. Eq.* 293, 297 (*Prerog.* 1926). The exercise of the power by the Prerogative Court was limited to instances where the appellant was misled by the action of *the adverse party or of the court or of its clerk* which prevented the appellant from filing his demand for appeal within the time limited by the statute, and it made no difference whether such action was the result of fraudulent design or honest mistake by the adverse party or the court or its clerk. *Mount v. Van Ness,* 34 *N. J. Eq.* 523, 528 (*Prerog.* 1881) ; *In re Hathorn,* 94 *N. J. Eq.* 371 (*Prerog.* 1922) ; *In re Chryssikos,* 133 *N. J. Eq.* 528 (*Prerog.* 1943) ; *In re Casey, supra; Heise v. Earle, supra.*

The *sine qua non* of jurisdiction on appeal by the Prerogative Court was the filing of the demand for appeal with the Orphans' Court within the time limited by the statute. *Re-*

*vision of* 1877, *p.* 791, § 176; 3 *Comp. Stat.* 3889, § 204; *R. S.* 2:31–94.

Where the demand was not filed in time by the appellant such negligence was not excused despite the language of the statute which contains the phrase "Unless otherwise specially provided," because that was construed to mean unless otherwise provided by statute. *Mount v. Van Ness, supra, p.* 526. The cases *In re Bigelow,* 94 *N. J. Eq.* 721 (*Prerog.* 1923), and *In re Failoute,* 102 *N. J. Eq.* 17 (*Prerog.* 1927), are not to the contrary because there the failure was to serve the notice of appeal on the adversary. This service was not required by the statute but only by a rule of court. *Prerogative Rules* 1915, *Rules* 59 and 60; see also *Prerogative Rules* 1941, *Rules* 83 and 84.

Under the former practice once an appellate court had acquired jurisdiction by the filing of the notice of appeal of course such rule provisions could be waived, because the appeal was only required to proceed in accordance with the rules and practice in the appellate court. *Williams v. White,* 98 *N. J. L.* 140 (*E. & A.* 1922) ; *Feldstein v. Employers' Liability, etc.,* 112 *N. J. L.* 485 (*E. & A.* 1934) ; *Ross v. C. D. Mallory Corp.,* 132 *N. J. L.* 1 (*Sup. Ct.* 1944). Therefore under the practice of the Prerogative Court under the facts and circumstances here presented the appeal would have been dismissed.

 It may well be that to require a dismissal of this appeal will work a hardship upon the respondents, but such a situation can afford no relief for it is a well established principle in this State that when the time for taking an appeal has run the parties to a judgment have a vested right therein which cannot subsequently be taken from them. *Plahn v. Givernaud,* 85 *N. J. Eq.* 143 (*E. & A.* 1915) ; *Shade v. Colgate,* 3 *N. J.* 91 (1949). The necessity for and the desirability of the rules governing this cause cannot be questioned, so sound are the reasons and requirements of public policy behind them, for it is of the utmost importance that at some point judgments become final and litigations come to an end.

As the respondents here did not perfect their appeal within time they are effectively and forever barred from seeking

further relief and we are precluded from considering the case on the merits. The judgment of the Superior Court, Appellate Division, is reversed and the cause remanded to that court with instructions to dismiss the appeal taken to it by these respondents. No costs are allowed.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.