16 N.J. Super. 159 (1951)
84 A.2d 16
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
RICHARD RIVERS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 8, 1951.
Decided October 31, 1951.
*160 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
*161 Mr. Donald G. Collester, Passaic County Prosecutor, argued the cause for the State (Mr. J. Bernard Saltzman, Assistant County Prosecutor, on the brief).
Mr. Martin Klughaupt argued the cause for respondent.
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
On June 19, 1951, judgment discharging Richard Rivers, the respondent here, from custody was entered in the Passaic County Court in a proceeding on writ of habeas corpus ad subjiciendum. Notice of appeal therefrom was filed September 18, 1951. The respondent moves to dismiss the appeal on two grounds: (1) that the State has no right to appeal from such a judgment because of the provisions of L. 1949, c. 238; and (2) if the State has such a right, the appeal is not within time.
On November 24, 1950, Rivers was sentenced to pay a fine of $200, plus costs, and his license was revoked for two years on his plea of guilty to a charge of violation of R.S. 39:4-50 (drunken driving). He paid the fine and was released. On December 19, 1950, the court reopened the case "for sentence only" over his objections and took testimony revealing his prior conviction in 1944 for the same offense. On December 21, 1950, the court sentenced him to serve 90 days in jail. The Passaic County Court granted him a writ of habeas corpus and after a hearing, entered judgment discharging him from custody.
A proceeding on writ of habeas corpus ad subjiciendum is a civil and not a criminal proceeding, even though the confinement in question be for a criminal or quasi-criminal matter. The judge of the County Court now, as did his predecessor the judge of the court of common pleas, sits as a statutory tribunal in such a proceeding. Prior to the adoption of our new Constitution, a judgment in such a proceeding was reviewable on certiorari at the instance of either party, and such review on certiorari was available to the State, even though the judgment discharged a prisoner from confinement for an alleged crime. State v. Court of Common *162 Pleas, 1 N.J. 14 (1948). Certiorari was superseded by Article VI, Section V, paragraph 4 of our new Constitution, but review, hearing and relief in the Superior Court, in lieu of certiorari, were afforded as of right in civil proceedings on terms and in the manner provided by the rules of the Supreme Court. Rule 3:81-7 of the Supreme Court provides that "Review of statutory proceedings in the Superior Court and the County Courts, and proceedings before inferior courts of limited jurisdiction created pursuant to Article VI, section I of the Constitution, shall be by appeal to the Appellate Division. Such appeal shall be taken and shall proceed in the same manner as appeals from the Trial Divisions to the Appellate Division." The regulation of the remedy provided by this constitutional provision is the exclusive province of the Supreme Court; the regulative power is not made subject to legislative action. Under this provision, neither the exercise of the power inherent in the old Supreme Court by means of the prerogative writs nor the regulation of the remedy is subject to legislative control. Fischer v. Twp. of Bedminster, 5 N.J. 534 (1950). This disposes of the respondent's argument that the right of the State to the review of a judgment in habeas corpus proceedings discharging a prisoner was taken away by L. 1949, c. 238, because if such a construction were to be put upon the language of this act, the act would be unconstitutional. Fischer v. Twp. of Bedminster, above.
The notice of appeal in this case was filed 91 days after the entry of judgment. Since the review sought is of a civil and statutory proceeding in the County Court (cf. Bergen County Sewer Authority v. Little Ferry, 5 N.J. 548 (1950)), Rule 3:81-7 applies, and review is now available by appeal to the Appellate Division in the same manner as appeals from the trial divisions to the Appellate Division. Under Rules 1:2-5 and 4:2-5 appeals from trial divisions of the Superior and County Courts in civil causes must be taken within 45 days after the entry of the judgment. Because this appeal was not taken within the time limited, it must be dismissed. New York Ass'n. for the Blind v. Teeter, 6 N.J. 233 (1951).
Appeal dismissed.